UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES. FENDON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 16 C 3531 |
| BANK OF AMERICA, N.A. | ) ) Judge Rebecca R. Pallmeyer |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Fendon has filed a *pro se* suit for a declaratory judgment that Defendant Bank of America, N.A. ("Bank of America") willfully violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, by bringing a foreclosure action against him in state court after he had already sought rescission of his mortgage loan. In addition to the declaration, Plaintiff seeks to recover all the money paid in connection with the loan and a judgment voiding the mortgage. Defendant contends that Plaintiff's suit effectively asks this court to review the state court's judgment in the foreclosure action. Defendant, therefore, has moved to dismiss for lack of subject-matter jurisdiction because the *Rooker-Feldman* doctrine bars federal district courts from reviewing the judgments of state courts. Even if the court were not barred from hearing Plaintiff's case, Defendant urges, Plaintiff's suit must be dismissed because it is barred by the statute of limitations and does not state a claim under TILA. For the reasons set forth below, the court grants Defendant's motion [9].

## BACKGROUND

The court takes the following facts from the allegations in Plaintiff's complaint and from documents central to Plaintiff's claim that he refers to in the complaint and which the parties have attached to their briefs. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). Plaintiff entered into a mortgage agreement with Countrywide Bank, FSB sometime in the summer of 2007. Plaintiff's complaint refers to a "refinance home loan," which he says he

entered into on July 13, 2007. (Compl. for Decl. J. (hereinafter "Compl.") [1] ¶ 5.) In his response to Defendant's motion to dismiss, Plaintiff attaches the loan's "lock-in agreement," which Plaintiff signed on August 8, 2007 and which lists the loan's origination date as July 13, 2007. (Lock-in Agreement, Ex E. to Pl.'s Resp. to Def.'s Mot. to Dismiss (hereinafter "Pl.'s Resp.") [15], 1, 3.) The mortgage agreement and the accompanying fixed/adjustable rate promissory note that Fendon executed, both of which Defendant attached to the motion to dismiss, were signed on August 8, 2007. (Mortgage, Ex. A to Def.'s Mem. in Supp. of it Mot. to Dismiss (hereinafter "Def.'s Mem.") [10-1], 26; Fixed/Adjustable Rate Note (hereinafter "Note"), Ex. B. to Def.'s Mem. [10-2], 4.) The mortgage agreement names Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide and its successors and assigns. (Mortgage at 2.) In June 2011, MERS assigned the mortgage to BAC Home Loans Servicing, LP ("BAC"). (Assignment of Mortgage, Ex. C to Def.'s Mem. [10-3].) Defendant is a successor by merger to BAC.

Under TILA, borrowers have an unconditional right to rescind a loan within three days of the transaction's consummation. *See* 15 U.S.C. § 1635(a); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). The three-day period is extended to a three-year period if a lender fails to satisfy TILA's disclosure requirements. *See* 15 U.S.C. § 1635(f); *Jesinoski*, 135 S. Ct. at 792. Plaintiff alleges that he did not receive the information disclosures that TILA requires. Specifically, he alleges that the loan documents did not name a specific lender, misstated the annual interest rate and monthly payment amounts, and failed to disclose that he would be charged $515 for an appraisal. (Compl. ¶¶ 6–9.) Plaintiff asserts that he provided written notice of his intent to rescind the loan on three occasions, each of which was within three years of the loan's execution date. (*Id.* ¶ 11.) In his response to the motion to dismiss, Plaintiff identifies the dates on which he sent the notices as August 15, 2008, April 16, 2009, and June 17, 2010. (Pl.'s Resp. to Def.'s Mot. to Dismiss (hereinafter "Pl.'s Resp.") [15], 2.) When a consumer rescinds a loan, the creditor's security interest becomes void, and the

creditor is required within twenty days of receiving the notice of rescission to return any money or property it has received in connection with the transaction. 12 C.F.R. § 226.23(d).[1] Plaintiff alleges that, in a May 2011 letter, Defendant acknowledged receipt of Plaintiff's rescission notices but claimed that he had waived his right to rescind the loan on August 8, 2007. (Compl. ¶ 11.)[2]

Defendant filed a foreclosure action in state court, seeking to enforce its security interest, on October 24, 2011.[3] More than four years later, on March 23, 2016, the state court entered an order of possession confirming the foreclosure sale to Federal National Mortgage Association, who was substituted as plaintiff in the action in place of Defendant. (*See* Order in *Fed. Nat'l Mortg. Ass'n v. Fendon*, No. 11 CH 36847, Ex. D to Def.'s Mem. [10-4].) That same day, Plaintiff filed his complaint for declaratory judgment in this court. (Compl. at 1.) In his response to the motion to dismiss, Plaintiff asserts that he filed his complaint in this case in the morning of March 23, prior to the entry of judgment in the state court case. (Pl.'s Resp. at 1.) In the complaint, Plaintiff requests a "judgment voiding the mortgage, ordering return of all money paid in connection with the property and any other relief the court may grant." (Compl. at 4.)

Defendant contends that this court lacks subject-matter jurisdiction over the case

---

[1] Once the creditor returns the money or property the consumer has provided in connection with the loan and takes other necessary actions to reflect the termination of its security interest, the consumer must tender any money or property he has received through the transaction (or its reasonable value). *See* 12 C.F.R. § 226.23(d)(3). As the Seventh Circuit has noted, this obligation of the borrower to return the loan principal "often has the practical effect of ruling out rescission, if the borrower has already used the money to cover urgent financial obligations." *Marr v. Bank of Am., N.A.*, 662 F.3d 963, 966 (7th Cir. 2011). The parties do not address whether Plaintiff Fendon would in fact be able to return the funds loaned to him, were the court to enforce rescission. As Judge Feinerman of this court has explained, when rescission claims are litigated, the majority of courts modify the default to require an initial showing that the borrower has the funds to pay the bank. *See Iroanyah v. Bank of America, N.A.*, 851 F. Supp. 2d 1115, 1125-26 (N.D. Ill. Mar. 14, 2012).

[2] In the motion to dismiss, Defendant does not assert that Plaintiff waived his right to rescind or explain the basis for its alleged representation to Plaintiff that he had waived his right.

[3] The court presumes that Defendant alleged in state court that Plaintiff was in default on the loan, though neither party says so expressly.

3

because Plaintiff's claim is "inextricably intertwined" with the state court's judgment and is thus barred under the *Rooker-Feldman* doctrine. *See, e.g.*, *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004). Plaintiff insists that his claim is not barred because he filed suit in federal court prior to the entry of judgment in state court and because he alleges a prior injury that the state court failed to remedy. Defendant urges the court to dismiss Plaintiff's complaint even if the court finds it has jurisdiction because the suit is time-barred and because Plaintiff fails to state a claim under TILA. The court addresses these arguments below.

## DISCUSSION

Defendant moves to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). For facial challenges to subject-matter jurisdiction, the courts apply the same standard used for evaluating motions to dismiss under Rule 12(b)(6). *Lardas v. Grcic*, 847 F.3d 561, 565 (7th Cir. 2017). The court accepts the truth of the factual allegations in Plaintiff's complaint in determining whether Plaintiff's allegations provide a basis for the exercise of jurisdiction and state a plausible claim for relief. *Id.* In addition, because Plaintiff is proceeding *pro se*, the court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

I.  *Rooker-Feldman*

The Supreme Court is the only federal court authorized to reverse and modify state-court judgments. *See* 28 U.S.C. § 1257. Thus, under the so-called *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over suits brought by plaintiffs seeking review of unfavorable state-court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) (discussing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). In addition to cases in which a plaintiff expressly requests reversal of a state court judgment, *Rooker-Feldman* also bars federal claims that are

"inextricably intertwined" with a state court judgment, even if the plaintiff failed to raise the federal claims in state court and does not expressly request review of the state court's judgment. *See Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012).

Defendant contends that Plaintiff's TILA-based rescission claim is inextricably intertwined with the judgment in the state-court action because a favorable finding for Plaintiff on his rescission claim would undermine the validity of the state court's foreclosure judgment. *See Williams v. Ameriquest Mortg. Co.*, No. 14 CV 0401, 2014 WL 3687729, at *4 (N.D. Ill. July 24, 2014) (rescission claim inextricably intertwined with foreclosure judgment where injury to be redressed arises from foreclosure). Plaintiff responds that the *Rooker-Feldman* doctrine is inapplicable in his case because he filed this suit prior to entry of the judgment in state court. In addition, he argues that his federal claim is not barred because it alleges an injury prior to the state court action—the failure to respond to his notice of rescission—that the state court failed to remedy. Defendant observes that Plaintiff has not established that his complaint was filed prior to the entry of final judgment in the state court action. But at the motion-to-dismiss stage, the court accepts the truth of Plaintiff's allegations and does not require him to produce supporting evidence. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 827 (7th Cir. 2015) ("The relevant question [at the motion-to-dismiss stage] is *not* whether a [plaintiff's] factual allegations are true.") (emphasis in original).)[4] Assuming that Plaintiff did file his federal lawsuit before the entry of judgment in state court, his claim appears to be outside the scope of *Rooker-Feldman*'s jurisdictional bar. *See Exxon*, 544 U.S. at 284 (confining doctrine to cases brought by plaintiffs

---

[4] Plaintiff's allegation regarding the timing of his suit appears in his response to Defendant's motion to dismiss. (*See* Pl.'s Resp. at 1.) Defendant urges the court to strike such allegations, as well as the attached exhibits, that were not contained in his complaint because "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). The court declines to strike Plaintiff's new allegations. Although parties may not use briefs to amend their pleadings, it also well established that a plaintiff need not include all of the essential facts in his complaint and "may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint." *Help At Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752–53 (7th Cir. 2001).

complaining of injuries "caused by state-court judgments *rendered before the district court proceedings commenced*") (emphasis added); *see id.* at 293 ("[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court.").

Defendant faults Plaintiff for failing to identify "a recognized exception to the applicability of the *Rooker-Feldman* doctrine in the Seventh Circuit." (Def.'s Reply in Supp. of its Mot. to Dismiss (hereinafter "Def.'s Reply"), 4.) A brief review of Seventh Circuit authority on this issue, however, reveals that the Seventh Circuit does indeed recognize the exception to the doctrine Plaintiff identifies and has done so for over fifteen years. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999) (recognizing distinction between federal claim alleging injury caused by state-court judgment and "a federal claim alleging a prior injury that a state court failed to remedy" and stating that latter is not barred under *Rooker-Feldman*). Construed liberally, the complaint alleges an injury prior to, and independent of, the foreclosure judgment— namely, Defendant's failure to rescind his loan and to return the mortgage payments Plaintiff had already made at the time of rescission. True, a finding that Plaintiff's loan was rescinded prior to the foreclosure action would be inconsistent with the state-court judgment of foreclosure. *See In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (explaining inconsistency between grant of rescission and foreclosure judgment). But strictly speaking, *Rooker-Feldman* does not bar this complaint.

Instead, the possibility of inconsistent judgments in a case like this may be better resolved by the doctrine of claim preclusion. *See Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016) ("[T]he Supreme Court has warned not to confuse *Rooker-Feldman* with claim preclusion: 'If a federal plaintiff presents some independent claim that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction, and state law determines whether the defendant prevails under principles of

6

preclusion.") (quoting *Exxon*, 544 U.S. at 293) (emendations omitted). Because Defendant has not made such an argument, the court declines to address it here, as Plaintiff's claim fails for another reason: it is untimely.

## II.     Timeliness of Plaintiff's Claim

Defendant contends that Plaintiff's claim for rescission under TILA is barred by the Act's three-year statute of repose. *See* 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . ."); 12 C.F.R. § 226.23(a)(3) ("[T]he right to rescind shall expire 3 years after consummation . . . ."). In *Jesinoski*, the Supreme Court clarified that a consumer does not need to bring suit within the three-year period in order to rescind the loan; rather, a consumer may exercise the right to rescind merely by notifying the creditor of his intention to rescind. *Jesinoski*, 135 S. Ct. at 792. Defendant argues that Plaintiff has not adequately alleged that he notified Defendant of his intention to rescind the loan within three years of August 8, 2007, the date of the loan's execution. The court disagrees. Plaintiff alleges that he provided Defendant written notice of his intent to rescind on August 15, 2008, April 16, 2009, and June 17, 2010, and the letter from June 17, 2010 states clearly: "[Y]ou are hereby notified I want the loan voided." (Letter of June 17, 2010, Ex. A to Pl.'s Resp.) Plaintiff has adequately alleged that he notified Defendant of his intend to rescind the loan within three years of August 8, 2007.

*Jesinoski* makes clear that a consumer need only provide written notice within the three-year period to rescind a loan under TILA. But that case does not address the question of how much time a consumer has to enforce his right to rescission in court. In *Jesinoski*, the plaintiffs mailed their notices of rescission exactly three years after executing their mortgage agreement. The creditor replied to the notice, refusing to acknowledge the validity of the rescission, and the plaintiffs brought suit a little less than a year later seeking a declaration of rescission and damages. *Jesinoski*, 135 S. Ct. at 791. Defendant contends that, to enforce a right to rescission in court, a consumer must file suit within one year after the creditor's failure to

7

respond to a written rescission notice.  In support, Defendant invokes 15 U.S.C. § 1640, which authorizes an action for damages arising from a violation of the Act "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Under the Act's implementing regulations, once a creditor has received a notice of rescission, the creditor has 20 calendar days in which to return any money or property to the consumer and to "take any action necessary to reflect the termination of the security interest."  12 C.F.R. § 226.23(d)(2).  Thus, Defendant argues, even if Plaintiff had provided his rescission notice on the last day of the three-year period (August 8, 2010) and Defendant violated the Act by failing to respond within 20 calendar days (by August 28, 2010), Plaintiff would have to file his suit by August 28, 2011 (one year after Defendant's failure to respond).  Plaintiff did not file suit in this case, however, until March 23, 2016, four-and-a-half years after the latest date on which Defendant could have violated TILA by failing to respond to a rescission notice from Plaintiff.

Plaintiff does not respond to Defendant's argument that his suit is barred because he failed to bring it within a year of Defendant's purported violation; instead, he insists his complaint is not time-barred because he provided a written rescission notice within the applicable three-year period.  (Pl.'s Resp. at 1.)  But that is not contested.  The fact that a consumer provides a timely notice of rescission does not mean that he has an indefinite period in which he can sue to enforce his rescission right.  It would be "contrary to principles of justice and efficiency, and to the intent of the applicable statutes in this case, to accept a theory espousing *no* time limit for filing claims for enforcement of rescission."  *Rosenfield v. HSBC Bank, USA*, No. CIVA10CV00058MSKMEH, 2010 WL 2163787, at *12 (D. Colo. May 26, 2010).  The court agrees with other courts in this district who have concluded that TILA's one-year limitations period for damages actions applies to suits seeking enforcement of rescission.  *See, e.g.*, *Cocroft v. HSBC Bank USA, N.A.*, No. 10 C 3408, 2012 WL 1378645, at *3 (N.D. Ill. Apr. 20, 2012) (Kennelly, J.); *Stewart v. BAC Home Loans Servicing, LP*, No. 10 C 2033, 2011 WL 862938, at *6 (N.D. Ill. Mar. 10, 2011) (Kendall, J.) (suit filed within five months of notice of

8

rescission was timely). Perhaps Plaintiff could have raised the issue of rescission as a defense in the state-court foreclosure action; this court concludes only that he waited too long to bring suit in this court to enforce the purported rescission of his loan.

## **CONCLUSION**

For the reasons stated above, the court grants Defendant's motion to dismiss [9].

ENTER:

Dated: March 8, 2017

REBECCA R. PALLMEYER
United States District Judge